No. 83-125

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

HARVEY HINTZ and KENNETH SCHAFER,

Defendants and Appellants.

---

Appeal from: District Court of the Second Judicial District,
In and for the County of Silver Bow
Honorable Mark Sullivan, Judge presiding.

Counsel of Record:

For Appellants:

Harvey Hintz, Pro Se, Deer Lodge, Montana
Kenneth Schafer, Pro Se, Deer Lodge, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert McCarthy, County Attorney, Butte, Montana

---

Submitted on briefs· June 10, 1983

Decided: August 4, 1983

Filed: AUG 4 1983

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal pro se from an order dismissing appellants' petition for post-conviction relief entered in the District Court of the Second Judicial District, County of Silver Bow.

On November 28, 1974, Raymond Joseph Merrick was shot and killed during a robbery of the Community Gas Station, located on Front and Main Street in Butte, Montana. The appellants were arrested on the same day and each charged with one count of deliberate homicide and one count of robbery to which they pled "not guilty." Bond was set in the amount of $75,000 for each defendant. Defendants could not post bond and both were held in the Silver Bow County jail for a period of approximately one year. During that year psychiatric and psychological evaluations were made of the defendants at Warm Springs State Hospital.

Arrested with the defendants was one Mary Jean Munson who pled not guilty and was later treated as a separate defendant and plea bargained with the State.

On December 13, the day set for a plea, Kenny Schafer and Mary Jean Munson appeared with counsel M. P. Sullivan, and Hintz appeared without counsel. On December 17, Hintz appeared, represented by counsel Sullivan, and made application for psychiatric evaluation. In late January, a change of counsel occurred and Hintz obtained, by appointment, Michael McKeon of Anaconda to act as counsel. Schafer continued to be represented by M. P. Sullivan and J. J. Parker. On January 28, pleas of not guilty were entered to the information. On March 29, M. P. Sullivan withdrew as counsel for Schafer and R. M. McCarthy was appointed as Schafer's counsel. On the following day, James E. Purcell was appointed co-counsel for Schafer and the trial date was set for April 15, 1975. During the next several months a number of extensions were granted and continuances were allowed for purpose of mental examinations. On June 4, 1975, the Honorable Arnold Olsen, having been disqualified, called in the Honorable James D.

Freebourn to handle all further matters. On September 29, 1975, trial was set for Tuesday, November 4, 1975, and thereafter a number of defense motions were filed. On November 12, 1975, the two defendants entered pleas of guilty to the charge of deliberate homicide. The Honorable James Freebourn immediately sentenced each defendant to 100 years in the Montana State Prison. At the time of sentencing no pre-sentence investigation reports were ordered nor made.

Seven years later, on September 20, 1982, the defendants filed a pro se petition for post-conviction relief in the District Court of Silver Bow County, alleging that "in light of the fact that no pre-sentence investigation report was made and no reasons were articulated for the lengthy sentences, it is possible that the sentencing judge did not have sufficient information upon which to base a sentence. . . ." After the State filed its response, the Honorable M. P. Sullivan, District Judge, denied the defendants request for post-conviction relief. Thereafter they filed a petition for rehearing, which was also denied. This pro se appeal follows.

The appellants allege that serious error was committed in the District Court's failing to properly investigate the facts and circumstances of the case prior to imposing a sentence. The petitioners allege that the court records contain no statements from either of them in which the District Court could have known that the shooting was an accident. They argue that if the District Court had taken the time to read the files, they would have learned that one witness to the incident who had been originally charged as a defendant, Mary Munson, had signed a statement in which she told the county attorney's office that the shooting was accidental. They argue that had the District Court inquired from them when accepting the change of pleas as to what actually occurred at the time of the robbery, the truth would have been known and, in addition, the court could have obtained that information in a pre-sentence report had it been furnished to the

court. They allege that during the course of the robbery they shot the attendant Ray Merrick accidentally, when the deceased, Merrick, while standing on an elevated platform beside the cash register, slipped and fell against petitioner Schafer's arm that was holding the gun. They argue that this caused the weapon to accidentally discharge, striking the deceased under his outstretched arm under the armpit causing immediate death. Petitioners argue the District Court did not follow the applicable statutes at the time of their sentencing. Sections 95-2201, 2202, 2203, RCM, 1947.

The controlling issue is whether the District Court committed error by not calling in another judge to hear the case after having been involved in the case as defense counsel. The statutes of Montana require that under certain circumstances the judge must be disqualified and provides for the substitution of judges under this disqualification statute. Section 3-1-802, MCA, provides for the disqualifications of judges. The presiding judge in the post-conviction relief proceedings should have disqualified himself pursuant to the above provisions and called in another judge. In view of the fact that it was error on his part not to do so, the order of the District Court denying post-conviction relief is vacated and the cause is remanded to the District Court for a post-conviction hearing before another District Judge.

John Conway Harrison
_____
Justice

We concur:

_____
Chief Justice

John C. Sheehy

Daniel J. Shea

_____

- 4 -

_____

_____
Justices